Mr. Lopez, good morning. Good morning Mr. Chief Judge, may it please the court. With the court's permission, I will begin with addressing the issue that the court brought to the attention regarding mootness and then go on to the merits of the case. Very briefly and then I'll go on further. As far as mootness, this case is not moot because Mr. Alhindi retains a concrete interest in the outcome of the litigation and this court and really only this court. What litigation? I mean there's no underlying case that just the indictments been dismissed and the order that you're challenging on appeal has no continuing effect as I see it. Well, I would challenge that second premise but as to the first one that there is no continuing litigation, I would point to the panel's decision in Alhindi 1. The case that was pending in the district court from which this appeal arose is no longer pending, is it? No, the indictment was dismissed without prejudice, Your Honor. Okay. And this court held in Alhindi 1, which was the original or the last appeal in this case, that the issue of mootness focuses on the availability of relief, not on the existence of a lawsuit or an injury. And so the fact that the indictment has been dismissed does not mean that this court cannot grant relief. And I would point to the Fourth Circuit's decision in United States v. Carrington to explain what relief this court can grant and why only this court can grant the relief that Mr. Alhindi sees. You agreed that we can't order anything, we cannot order the district court in North Carolina to do anything. That's correct. That's a separate proceeding. That's correct. And his confinement at present is the subject of that case that's in that court? He is proceeding under 4246 in that court, that's correct, Your Honor. Okay. Mr. Loba, let me see if I understand your argument on mootness. Which overlaps in part with the merits. So you agree with the Fourth Circuit's decision in Carrington? That's correct. That a decision in a case like this one, putting aside the dismissal of the indictment for just one moment, that a decision in a case like this one can have collateral consequences for the civil commitment proceeding. Because if this court determines that Mr. Alhindi was not properly in the custody of the Attorney General because the four-month period had elapsed without any findings being made, then he can challenge in the civil commitment proceeding the fact that he wasn't in one of the categories of people against whom a certificate could have been filed. That's correct, Your Honor. That's the essence of your argument, right? Yes, and I think Carrington kind of spells it out. And not only the interplay between 4241 and 4246, but the interplay between the criminal court and the civil commitment court. Here's my question to you. So now that we're both on the same page on your argument, here's my question to you. And again, putting aside the dismissal of the indictment that the Chief Judge asked you about, Mr. Alhindi was pre-trial detained, right? That's correct, he was. Pre-trial detention results in an individual being placed in the custody of the Attorney General, not BOP, right? Pre-trial detention. Pre-trial detention. So why, my question to you is this, and you know, I'll ask Mr. Delgado the same thing, why is there something left in this case when regardless of whether the district court erred by not making a binding on restorability to competence within the four-month period, he would have still been in the custody of the Attorney General through pre-trial detention? In other words, it wasn't a shift in custody from the AG to the BOP or from the BOP to the AG. He would have remained in AG custody as the government maintains all the way through. And we addressed this in our briefing, Your Honor, but I think the interplay between 4241 detention and then the bail reform act is such that really once he gets into D1 detention, once he is under 4241 detention, he is no longer under the, he's no longer being held under the bail reform act. And just to give you a hypothetical then, if let's say there was a bond issued but he had to meet the NEBIA conditions and he hadn't met it by the time that there was a D1 detention, supposedly he gets to Butner and all of a sudden, hey, we can make the NEBIA requirements and we can do it. The fact that we can now meet the NEBIA requirements is irrelevant because there's no way that the district court can order his bond at that time, can say, oh yeah, you met the NEBIA requirements, now we're gonna give you a bond. Because in the competency proceeding. That's correct. So and I think that that's the structure of, and we do this in our briefing, we talk about it, I think it's 4247 that talks about once he's through with all the competency, once the accused is through with all the competency proceedings, he is now subject once again to one of the things, the bail reform act. Let me come back to the question the chief judge began with. Help me understand the relief you're seeking from this court. As I read your briefs and I looked at the record, seems to me you asked for three things. In no particular order, first you asked that the charge be dismissed. And that's happened. The district judge already had. That's correct. So that relief has been accomplished. The second thing you said is, I want my client released. And the third thing you said, which was slightly different or maybe it's overlapping, is you said transfer the defendant to the Southern District of Florida, presumably to be ordered released by the district court. Although the case has gone with the wind since it was dismissed. But those were the three things. Dismissal, release, transfer. Right? Yes. No other relief. Well I think inherent in that, we're asking for this court to find that the district court... I understand you want an explanation, you want a ruling, but the relief you seek is release and transfer. We've already disposed of dismissal, right? Yes. Okay. Do we have any power to order his release if he's being detained in North Carolina before a different district court in a different circuit pursuant to a different statute? He's not being held based upon the provisions that held him original. He's being held for a different reason in a different district under a different statute. Can I order the district court in North Carolina to order him released or to make a particular finding or reach a certain conclusion? If I could just correct one thing, Your Honor. Sure. He's currently the only order of detention against my client is the February 21, 2024 order entered by the district court here in the Southern District of Florida. That's the only order of detention that's currently being valid. What is the effect of the certification by the prison warden? So 4246A, right? Yes. The last sentence in that says that any release is stayed pending the resolution of 4246, but the order of detention is still that very order that we are appealing. For example, if I could just give you a hypothetical because one of the other categories in 4246 is if somebody who's in the BOP custody is about to be released. So they've been convicted, sentenced, they're about to be released. 4246A would then say, wait, that release is now stayed pending the resolution of 4246. But you wouldn't say that his detention for that individual would be under 4246. His detention is still under the judgment and commitment order. And it's the same thing here. The only order of detention that is currently holding Mr. Alhindi and Butner is that February 21st, 2024, if this court agrees with us that the district court lacked the authority to enter that and that's something that this court can do, then the collateral consequences would be that that would have an effect on the civil commitment. And who is to draw the conclusion that it has an effect and what effect it may have? Well, that's something that you really have to ask the district court in North Carolina and maybe the circuit, the Fourth Circuit, to do. Right, and I think Carrington clarifies the duties of both courts and I would point to... That assumes that I agree with Carrington. That's true. I'm not bound by it, am I? Are you bound by Carrington? Yes, sir. No, but that lets you know what what's expected once the civil commitment goes on. But Carrington at 259 says, any challenges to the criminal court's authority to issue the operative custody order must be raised in the criminal court itself, which we have done. And then it goes on, actually they give this kind of advice in a prior decision, but they kind of reiterated, this is at 261, the proper way to do that is, district defendant, you have to challenge this in your criminal district court. If you follow up on that, so your point, if I understand really the essence of your argument, it is that you're not free to move the district court in the Northern District in North Carolina to free him because the 4246A certification is invalid because it was based somehow on an unlawful earlier hospitalization. You can't go to the court there and ask for relief there. Is that what you're saying? That's correct. Carrington spells out what the court in North Carolina is going to do. The only thing the court in North Carolina is going to do is say, was there a valid, was there an order entered? Yes, there's an order of detention February 23rd, 2024. When was the certificate filed? The certificate was filed, I believe was May 10th. So that's less than three months later. And then the only thing that the court there will then decide is, is that three month period reasonable or not? And I see I'm in the red, but if I could just make one, you're answering our question. The district court has found that he's not restorable. And upon the filing of the certificate, the way the statute works, as I understand it, is his release is stayed by operation of law state. So that the order of detention here is now state. Well, his release is state. Yes. Right. And the only order of detention is not the as a matter of law, his release has been stayed under the statute, right? And and now his continued detention is the subject of the proceeding in North Carolina. It is wrong, I think, to say that the earlier order is the is the is the basis for his detention. The earlier order was look, there's a substantial possibility that he could be made competent, but the district court has since determined that he cannot be restored to competency and dismiss the indictment. But by operation of law, because of the filing of the certificate in the North Carolina court, his release has been stayed. It's by that statutory authority that he's he continues to be confined and subject to the jurisdiction of the North Carolina court. What am I missing? We would just still argue that his detention is really pursuant to that order and then pursuant to Carrington. This is the only court that can grant him relief. I would just make one other quick point because I'm way into the red. But if this court does believe that that disappeal is moot, then this case presents almost a textbook example of something that is capable of repetition, the other rating review. And that's because the statutory uh, provision here has a very short time limit. You have to know fear, which requires the district court to go through the 42 41 procedures. No matter what you have, um, a client here, Mr. Hendy, who suffers from mental health that is not going to go any way away anytime soon. The government has made clear that they want to pursue Mr Hendy's conviction. And finally, there's no B. O. P. Medical facility here within the 11th Circuit. So there's no way that this court is ever going to resolve these issues and in the 42 46 proceedings because there are going to be no 42 46 proceedings. So if this court does not accept, um, this jurisdiction or at least address these issues, I don't, I don't see how it's capable of repetition yet evading review that we're going to go back and review Judge Cannon's earlier orders about whether there's a substantial possibility that he could be made confident when she has since ruled that he's not restorable. And now we have a completely separate proceeding going on. Right. But this court can say any finding under D two has to be made before the D two detention goes in and it can go into determining what is a reasonable time under the circuit's right about their own case law. And it's not the sort of thing that I can solve for them. Um, but, but, um, you, you've saved five minutes for rebuttal. Why don't we hear from Mr Delgado? Thank you, Your  mhm. Good morning, Chief Judge, your honors and may it please the court, George Delgado on behalf of the United States. You think it's smooth? Yes. Yes, I do. The dismissal of the charges against Mr Al Hindi and his civil commitment have mooted the issues on this case. There is no effective relief that the court can grant. As your honor noted, the case below has been dismissed. This court cannot issue a man. He says that that his client, it remains subject to detention by virtue of an order entered by the district court. Is that right? That is incorrect, your honor. If we look correct, if we look at the statute section 42 41 D two, that order remains in effect in one of two possibilities, either during a reasonable amount of time during which the defendant is brought to competency or on the subsection B, the pending charges against him are disposed of according to law and the pending charges against Mr Hildy have been disposed of according to law. How is he being confined in? He is being confined by virtue of the certificate. As your honor noted, it's not the order itself that confines him. There is a stay on his release. He remains within the custody of the attorney general, but by virtue of the operation of the statute, the detention order at issue in this case does not remain in effect. I thought that the way the statute worked was that, as the chief judge said, the certificate in the civil commitment proceeding stays any release under the detention order. Is that not right? It does stay a lease of the detention order still in effect. Whatever, whatever that means legally, the detention order is still in effect, right? Uh, not according to a reading of the statute, the government would submit the detention order itself or not. But even so, is there a detention order that what is holding him now in custody? It would be the certificate. So the cases have interpreted that there is no need for a separate order of accord to hold somebody in custody pending civil commitment. The certificate itself is not to stay by virtue of the dismissal of the indictment. He would be released. The last order of the district court would mean that he's he's released. But the problem is that by the filing of the certificate, um, and by operation of the statute, his release, what would otherwise be his release is state. It's not that the order that previously authorized his detention is stayed. All right. That's right, Judge. So what I mean to say is that the authority to hold him is no longer based on the order which is on appeal. And that's something that needs to be clarified is that this appeal is rather narrow. What the defendant is complaining about is that there was a unjust delay in between when the expiration of the initial custody order, the evaluative hospitalization under section D one occurred. And then when the second order, which extended the hospitalization occurred, there was a four month gap, which the government has conceded was not authorized by statute. Now the question becomes that the district court below have the authority to issue that order. And if so, was any other, uh, hospitalization afterwards reasonable? All those issues are now moved by virtue of the fact that under the civil commitment statute, although custody under the Attorney General under section 42 41 D is a basis to file a civil commitment certificate. But the district court in North Carolina and maybe later the fourth circuit have no authority to review what happened in the district court proceedings in this case, right? They have authority to review any delay that immediately precedes the filing of the civil certificate. That's under the Carrington case as well. Assuming this course, this court was right. But I think that through the thrust of the question here is if we agree that he's being detained on a different statute in a different court in a different proceeding, and he's not being detained now based upon the original proceeding under 42 41. Can he argue? Can he go to the district court in North Carolina and say, you got to free me because the 42 46 a certificate is invalid because it was unlawful based upon the earlier unlawful hospitalization under 42 41. Or is that argument gone with the wind given the way the fourth circuit has read the law in Carrington? He can argue it up to a certain extent. And in fact, he has argued that he's filed a motion to dismiss and those civil proceedings arguing much of the delay. The way that Carrington works in the way that it explained it is that a person who is subject to civil commitment can argue unreasonable delay for the period immediately preceding the civil commitment certificate. In that case, the court waited too long before the person was declared incompetent before issuing the certificate. If it seems to me the proper answer, just speaking for myself is to say that really is a problem for the district court in the fourth circuit, that we just don't have any power to say or do anything about it because this case, the indictment was dismissed by the court. The district court concluded that he couldn't be restored and he's being held in a different district pursuant to a different procedure. And so the most we do is issue what he really wants is an advisory opinion, letting the district court or the fourth circuit know, hey, this is what we think the impact of allegedly having unlawfully detained him for too long a period of time here would have on that proceeding there. But that strikes me as really wholly advisory in nature. I agree, Your Honor. The court will determine. It's not that we can send it back to the district court to do anything because the district court doesn't even have a case anymore. That's right. So part of it, the basic question at issue is, can this court provide effective relief? And as Judge Marcus, you noted all of the relief that had been sought in this case, this court cannot effectively provide. One particular relief that Mr. Alhendy also requested . . . All of that relief was premised on a purported violation of the statutory scheme, right, that he was held for too long a period of time without the district court making the necessary finding that he could be restorable in the future. That's correct. If we . . . Okay, play this out for me. If we disagree with your mootness argument and we hold that there was a violation of the statute here and that the district court could not make a later finding of restorability so as to make the four-month extra detention okay, what happens? What does he do with that ruling in the district court in North Carolina? What do you do with it? There's not much that he could do. This court would be issuing a mandate to a court to . . . No, no, it's not a mandate. We tell the district court in North Carolina nothing. We just say, here, the district court did not find restorability within the four-month period. Therefore, his detention was unauthorized. That's all we say. We just provide an advisory opinion that it was illegal but it doesn't have any effect. It wouldn't have any effect and not only because . . . You mean the district court in North Carolina could do nothing with that? The court could take it into consideration. Sure, it could take it into consideration. Do you think Carrington properly lays out the authorities of the courts in two different circuits under these circumstances? I'm not asking you about the bottom line result but just does Carrington properly lay out the respective spheres of authority between here, the Fourth Circuit, and the Eleventh Circuit? I do, Your Honor. I've seen no case to the contrary. It makes sense that if we're dealing with questions of a particular court's authority to issue an order, it would be strange for a different district court to opine on that and then to be determined by the circuit court. Even if that's the case, there's an important distinction here between what issues are being litigated because they are, in my view, three separate issues. You first have, as I mentioned previously, the initial four months where there was no restorative evaluation order in place, the government has already conceded that that was an error. Right, but I guess really the heart of the question, at least that I'm asking and I think Mr. Lopez is raising with you, is if you accept, and clearly you do, that any opinion we would issue would be wholly advisory in nature and you accept the proposition that the district court's dismissal of the indictment and determination about non-restorability is what we have, we don't have the power to do anything other than to opine in a vacuum with the idea that maybe it might affect the court in North Carolina, something we don't have really the power to do. But he says the net result of that and the way the law reads in North Carolina District Court that his client should be freed because the 4246A certification was unlawful, premised upon the unlawful earlier order of hospitalization. That can only come to one place, that is to say the district court for whence the indictment issued. So he says I can't make the argument. If I understood his argument and if the answer is no, is he essentially left without a remedy in any district and in any circuit? He is left with a remedy. It's the way that I would parse out Carrington and Carrington did lay out the division between the ability of the civil commitment court to determine certain delays and not others is ultimately argument as to whether the civil commitment was issued too late and that period was unreasonable is in conjunction with all the prior delays that have come before it. On some of these, this court has already opined on the first al-Hindi opinion as to whether a second custody order was valid or not. And that's part of his argument. Well then to shape it as I'm putting the question, is it your view? I'm just curious that the defendant is free to argue in the district court in North Carolina that the 4246A certification by the prison warden and the operation of the statute is invalid because he had been initially unlawfully detained and hospitalized on the 4241. Can he make that argument in your view in the district court in North Carolina? He makes that argument I think under Carrington and the way that that circuit applies. Those earlier delays would not be something that the civil commitment court would opine on, but it wouldn't really be the issue. The issue would be, and even Carrington itself says it, is was there an operative D2 order when a civil commitment certificate was filed? And there was an operative D2 order at the time. Candidly, part of the problem may be that his argument of why his confinement now, his detention now, is improper, that is because the continued confinement that was permitted by the district court was somehow ineffective, might very well be a flawed argument to begin with. Even if Judge Cannon was wrong to extend it, that doesn't make his current detention illegal. I agree, Your Honor. Candidly, before the dismissal, the mootness question was a closer question, but either way, and I don't want to get too much into the merits since it wasn't argued on the first instance, it is the government's position that regardless, and this is where I was trying to get at to parse out the issues, is that the appropriate remedy for the initial hospitalization, the four months that were, he was subject to hospitalization without statutory authority, did not deprive Judge Cannon from issuing a D2 order. The government isn't arguing that that order sanitized those initial four months. It's not arguing that it was a non-prontunct order. It's conceded that it was an error, but according to the case law in this circuit, particularly Curtin, which held that the BOP's own report, on which the court would rely on, doesn't have to be filed within those four months, that Judge Cannon did have the ability, she didn't lose the authority, to issue that order. And that is in line with the whole purpose of the statute, which is any remedy here has to be injunctive. Let me ask you one final thing. Any comment you want to make about capability of repetition and evasion? Yes, Your Honor. That is a very narrow exception that only applies in exceptional circumstances. Neither of the two prongs would apply in this case. It's normally been applied to the initial detention periods, the four-month period, and shorter periods thereafter. Those are too short of a period to be sufficiently litigated in an appellate court, and there's also a big distinction between D1 orders, the initial competency order, which have consequences for later proceedings, and there are precondition for things like civil commitment and D2 orders, versus a D2 order, which is for an undefined time. A lot of times these restorations can take a very long time, from 10 months and even one of the cases that we cited, accurate up to four years. So that could be sufficiently litigated. And the second issue, which I think is the biggest problem, is that this issue is unlikely to come up before this case. It's not that it's gonna not come up in a vacuum, it's that the same complaining party will be subjected to the same action. And in this case, even though the court did make some, sorry, the government made some statements before about opening the possibility for a prosecution, we are informed by the court orders that come after, and the District Court said in no uncertain terms that there is no real realistic possibility that the defendant, who has suffered from persecutory type delusion since at least 2022, but likely since 2007-2008, will be restored to competency. Under that kind of ruling, it is unlikely that he will be tried again on these charges. If the court has no further questions, the government respectfully requests that the court dismiss the appeal as moot, or otherwise affirm the order and appeal. Thank you. So I'd like to address sort of the joint question from Judge Jordan and Judge Marcus, and I would disagree with my friend as to the proper application of Carrington. As it stands right now, the only thing that the Eastern District of North Carolina can do is there's an order of February 21st certificate, May 9th. Is that a reasonable period? To answer Judge Jordan's question, if this court were to somehow agree with me and say, okay, we're gonna say that the District Court did not have the authority to enter that order, that order is invalid. Now, what the Eastern District of North Carolina has to do is, what's the last order of detention? October. The D1. So that would be, you know, starting June of 2023. That time period. The time period from that to May 2024. Is that a reasonable period? And that's a really different question. So that's when the certificate was filed. That's the difference that the District Court . . . the different question that the District Court will have to engage in. But it can only engage in that question if this court finds that that order was unauthorized. Under your view of Carrington, would the District Court of North Carolina be bound by this court's decision about whether or not the delay here was too long and whether or not findings were made within the appropriate period of time? I think it would to the extent that if this court says that order was invalid, was unauthorized, then when the Eastern District of North Carolina is looking at the reasonableness of that certificate and when it was filed, it cannot rely on that order and would have to go back to the prior order of detention and say, from that order of detention to now, is that a reasonable period? And I think the answer would be different under those two scenarios. On the issue of capable repetition yet evading review, you know, we brainstormed. I cannot come up with a scenario in which this court, if it doesn't accept this case and address the issues in this case, I don't know how this court is ever going to determine when does the District Court have to make the D-2 findings and what is a reasonable period under D-2. This isn't a question of whether we can do this for future cases? No, it has to be this case in this trial, Hendy. And what's the argument for how this is going to happen to him again? He's still suffering from these delusions. The findings made by the District Court is he's not going to get any better. How is he going to be subject to this kind of proceeding that the District Court has since dismissed? How is that going to happen again? So the standard by this court, and I would cite to ACLU versus the Florida Bar, is that that question as to whether it's going to happen again to this person can't be satisfied, and this is quoting from this court's decision, can't be satisfied based upon expectations while reasonable are hardly demonstrably probable. So it doesn't have to be probable, just that they are reasonable. He's still suffering from these delusions. How it's anything but fanciful. How is it that he's going to be subject to this kind of order that the District Court entered again? The District Court has since found that he's not restorable. The indictment's been dismissed. Exactly how is this going to happen again? Based on his delusions, it's likely he's going to lash out again and threaten people, and if he threatens people, the government can indict him once again. That would be a separate crime. That would be a separate proceeding, but that's not this. Well, it is this, Your Honor, because it would be a new indictment, and under D'Onofrio, the District Court would have to go through the 42-41. Can you actually say there's a reasonable probability of that happening? I don't say more likely than not, just a reasonable probability? There's a likelihood, and I think that is sufficient under this court's law to accept this case as capable of repetition yet awaiting review. The standard is not very high. It doesn't have to be probable or simply likely. Just the fact that he's still going to suffer this, these delusions make him lash out at people . . . It's likely that the North Carolina Court is going to permit his continued confinement. Why isn't that just as likely? Well, it's depending on the actions of this court. If this court holds that that detention order was unauthorized and illegal, then the District Court in North Carolina then has to look to the prior order, and then the May filing . . . Let's say we said that, and the North Carolina Court said, it doesn't matter. We still have this proceeding and determines that, you know what? The certificate's right. This guy needs to be committed. It could, but factually, the argument before the Eastern District in North Carolina is the difference between February 2024 to May compared to October 2023 to May 2024. The difference is huge, and the likelihood is that the District Court would find that unreasonable. I see my time is way over. I thank the court for any additional time. You've been answering our questions, and we appreciate it. Well, thank you. Once again, my client is sick, and that's the only reason he's being detained. If this court doesn't address the illegality of his detention, no other court can. I ask, once again, for this court to address the issues. Thank you for the time.